[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 2, 2006
THOMAS K. KAHN
CLERK

No. 05-15711
Non-Argument Calendar

_____

BIA No. A79-453-686

JOSE GABRIEL CASTRO VARGAS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 2, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Jose Gabriel Castro-Vargas seeks review of the Board of Immigration Appeals' ("BIA") decision affirming without opinion the immigration judge's ("IJ") order denying asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1]

On appeal, Castro-Vargas argues that the IJ erred in denying his application because he demonstrated that he is a refugee as defined under U.S. immigration law by providing testimonial evidence that he has a well-founded fear of persecution should he be forced to return to Colombia. Specifically, he contends that the IJ erred in finding that he did not satisfy his burden of proof because the court found that his testimony was credible, and the evidence demonstrates that he has views against the Revolutionary Armed Forces of Colombia ("FARC"), the FARC has threatened him because of his views, and the FARC will follow through with its threats. He further contends that the record shows that he faces a serious risk of being kidnapped or killed should he return to Colombia.

---

[1] Castro-Vargas did not raise any argument regarding the denial of his claim for CAT relief on appeal. Therefore, that issue has been abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that, where an appellant fails to raise arguments regarding an issue on appeal, that issue is deemed abandoned).

We review the IJ's decision in this case, not the BIA's, because the BIA affirmed the IJ's decision without opinion, thereby making the IJ's decision the final agency determination.  See 8 C.F.R. § 1003.1(e)(4); Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

The IJ's factual determinations are reviewed under the substantial evidence test, and we "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001) (quotation omitted).

Based upon this record, we conclude that  substantial evidence supports the IJ's decision that Castro-Vargas was not entitled to asylum or withholding of removal under the INA.  Because Castro-Vargas did not show that he suffered past persecution or that he has a well-founded fear of future persecution based on a protected ground, he did not establish eligibility for asylum.  Accordingly, Castro-Vargas also failed to establish eligibility for withholding of removal. See Al Najjar, 257 F.3d at 1292-93.

**PETITION DENIED.**